**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SOPHIA MOHAMMED,                        : <br><br> Plaintiff,    : <br> v.    : <br>  : <br> PONTOON SOLUTIONS, INC., and   : <br> ADECCO USA, INC.,   : <br>  : <br> Defendants.   : | Docket No. 26-cv-02044 <br><br> Civil Action <br><br> **NOTICE OF REMOVAL TO FEDERAL COURT** |

<u>**NOTICE OF REMOVAL**</u>

Defendants Pontoon Solutions, Inc. ("Pontoon"), and Adecco USA, Inc. ("Adecco"), by and through their undersigned counsel, hereby respectfully request that the State court action, *Sophia Mohammed v. Pontoon Solutions Inc., and Adecco USA, Inc.*, No. 151530/2026CI (N.Y. Cty. Supreme Ct.), filed on February 4, 2026, (the "State Court Action"), be removed to this Court based on diversity of citizenship. 28 U.S.C. §§ 1332(a), 1441(a)-(b), 1446; Local Civ. R. 81.1. The Complaint and all other documents served on the Defendants in the State Court Action are attached hereto as Exhibit A. As grounds for removal, Defendants state the following:

**I.       There is Complete Diversity Between the Parties**

Federal law provides that the district courts of the United States have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different States. 28 U.S.C. § 1332(a)(1). For purposes of assessing original jurisdiction based on diversity of citizenship, a corporation is deemed to be a citizen of every State in which it is incorporated and where it has its principal place

of business. 28 U.S.C. § 1332(c)(1). The defendant in any State court action over which the district courts of the United States have original jurisdiction may remove that action to the local federal court. 28 U.S.C. § 1441(a).

The State Court Action satisfies these requirements for original jurisdiction in federal court based on diversity of citizenship between the parties. According to the Complaint, Plaintiff is a resident of the state of New York, residing at 830 Amsterdam Avenue, Apt. 5E, New York, NY 10025. Compl. ¶ 3. Pontoon is a citizen of the States of Delaware and Florida, as it is incorporated in the State of Delaware and has its principal place of business at 4800 Deerwood Campus Parkway Building 800, Jacksonville, FL 32246. Adecco is a citizen of the States of Delaware and Florida, as it is incorporated in the State of Delaware and has its principal place of business at 4800 Deerwood Campus Parkway Building 800, Jacksonville, FL 32246. Since Plaintiff is a citizen of New York, and Defendants are citizens of Delaware and Florida, there is complete diversity of citizenship between the parties.

## II.  **The Amount in Controversy Exceeds $75,000**

The amount in controversy exceeds the statutory minimum of $75,000. The Complaint does not demand a specific sum for a money judgment, but instead demands backpay, front pay, non-economic compensatory damages, punitive damages, and attorneys' fees and costs "in an amount to be proven at trial." *See* Compl. at pages 19-20, "Prayer for Relief." As the face of the Complaint does not specify a demand amount, the Notice of Removal must allege facts sufficient to establish the jurisdictional amount. *See Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994). "[A] defendant's notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

At the time of her termination from Pontoon,[1] Plaintiff earned more than $70,000 annually, along with paid benefits. The Complaint alleges that Plaintiff's employment with Defendants ended approximately 2 years ago, on or about March 19, 2024. (Compl. ¶ 37). Accordingly, Plaintiff's request to recover lost income dating back to her termination exceeds the $75,000 amount in controversy minimum, even without considering any requests for emotional distress damages, front pay, punitive damages, or attorney fees.

Because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, the district courts of the United States have original jurisdiction over the State Court Action. 28 U.S.C. § 1332(a). This Court embraces the place, namely New York County, New York, where the State Court Action is currently pending; accordingly, Defendants are entitled to remove the State Court Action to this Court. 28 U.S.C. § 1441(a).

### III.    <u>Removal is Timely</u>

Removal is timely as Defendants were served with the Complaint on February 11, 2026.

Respectfully submitted,

Date:   March 12, 2026

*/s/ Joseph E. Abboud*
George Morrison, Esquire
Joseph E. Abboud, Esquire
**BUCHANAN INGERSOLL & ROONEY PC**
640 Fifth Ave., 9th Floor
New York, NY 10012
(212) 440-4410 (telephone)
george.morrison@bipc.com

---

[1] Adecco denies ever employing Plaintiff.

Case 1:26-cv-02044-MMG    Document 1    Filed 03/12/26    Page 4 of 5

joseph.abboud@bipc.com
*Attorneys for Defendants*

4

## **CERTIFICATE OF SERVICE**

I certify that on March 12, 2026, I instructed office staff of Buchanan Ingersoll & Rooney

PC to serve Defendants' Notice of Removal, upon the following recipients:


Jack Tuckner, Esq
TUCKNER, SIPSER, WEINSTOCK & SIPSER, LLP
535 Fifth Avenue, 4th Floor
New York, NY 10017
jtuckner@womensrightsny.com
*Counsel for Plaintiff Sophia Mohammed*
*Service via U.S. Mail and Electronic Mail*



Respectfully submitted,

*/s/ Joseph E. Abboud*

Date:   March 12, 2026               Joseph E. Abboud, Esquire
                                     *Attorney for Defendants*